```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT
```

JOSEPH WATLEY, et al.,              :
                                    :
        Plaintiffs,                 :
                                    :
V.                                  :   Case No. 3:13-CV-1858(RNC)
                                    :
                                    :
CHRISTINE E. KELLER, et al.,        :
                                    :
        Defendants.                 :

## RULING & ORDER

Plaintiffs Joseph Watley and Karin Hasemann bring this action against Connecticut Appellate Court Judge Christine E. Keller,[1] the Connecticut Judicial Branch, the Connecticut Department of Children and Families (DCF), and DCF Commissioner Joette Katz alleging violations of Title II of the Americans with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973, and the Due Process Clause of the Fourteenth Amendment in the course of state proceedings to terminate their parental rights. Plaintiffs seek damages and injunctive relief, including a temporary restraining order prohibiting the State of Connecticut from taking any action with regard to their children until this matter has been resolved; in particular, they seek temporary injunctive relief preventing the State from proceeding with any steps toward permanent adoption. For reasons that follow, the Court is precluded from reviewing plaintiffs' claims.

---

[1] At the time relevant to this action, Judge Keller was a judge of the Connecticut Superior Court.

Accordingly, the motion for temporary injunctive relief (ECF No. 8) is denied and the case will be dismissed.

I. Background

Plaintiffs have two children together, Joseph W., born July 18, 2005, and Daniel W., born July 20, 2006. Soon after the birth of each child, DCF filed a petition alleging neglect based on the doctrine of predictive neglect, and orders of temporary custody were granted to DCF within one month of each child's birth. The present case arises out of an action to terminate plaintiffs' parental rights, which DCF initiated in December 2007.

Title II of the ADA, which applies to public entities including state or local governments and departments, agencies, or other instrumentalities, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiffs' complaint alleges numerous violations of Title II throughout the termination proceedings. Plaintiffs claim that the Connecticut Judicial Branch, DCF, and Commissioner Katz violated Title II by not providing them with ADA coordinators, by discriminating against them based on perceived disability, and by failing to implement policies or procedures to

prevent such discrimination.  Plaintiffs further assert that they were not provided with reasonable modifications and were denied access to Judicial Branch and DCF activities, services and programs.  In addition, plaintiffs challenge Judge Keller's March 11, 2013, decision terminating their parental rights and related decisions denying their requests for ADA coordinators.  See In re Joseph W., Jr., 53 Conn. Supp. 1, 10-11 (Conn. Super. Ct. 2013). Plaintiffs seem to claim that the actions challenged under Title II of the ADA also violated their rights under the Due Process Clause of the Fourteenth Amendment.  In addition, they allege claims under state law for intentional infliction of emotional distress.

Plaintiffs' ADA and due process claims were raised, litigated, and decided during the termination proceedings in state court.  See In re Joseph W., Jr., 146 Conn. App. 468, 475-76 (2013) (rejecting claim that trial court improperly denied request for relief under the ADA, notwithstanding plaintiff's assertion of affirmative claims under the statute rather than a defense to neglect); In re Joseph W., Jr., 53 Conn. Supp. 1, 10-11 (Super. Ct. 2013) (rejecting claims under the ADA); In re Joseph W., 305 Conn. 633, 640, 650-52, 46 A.3d 59, 70 (2012) (reiterating plaintiffs' prior allegations of ADA violations by the Judicial Branch and DCF; affirming the judgment of the trial court over due process objection); In re Joseph W.,

L15CP05008039A, 2011 WL 5842570, at *5 (Conn. Super. Ct. Oct. 28, 2011) rev'd on other grounds, 305 Conn. 633, 46 A.3d 59 (2012) (rejecting plaintiffs' request for relief under the ADA and explaining that the ADA neither provides a defense nor creates special obligations in a child protection proceeding; finding that such a proceeding is not a "service, program or activity" under the ADA).

II. Analysis

This Court does not have jurisdiction to review plaintiffs' claims, which are essentially appeals from state court judgments interpreting Title II of the ADA and its application to plaintiffs' termination proceedings.  The Rooker-Feldman doctrine precludes review by a United States District Court of claims that challenge state court judgments.  "Specifically, the Rooker–Feldman doctrine acts as a jurisdictional bar to cases: 1) 'brought by state-court losers,' 2) 'complaining of injuries caused by state-court judgments,' 3) that were 'rendered before the district court proceedings commenced,' and 4) 'inviting district court review and rejection of those state court judgments."  Russo v. GMAC Mortgage, LLC, No. 13-1475, 2013 WL 6332551, at *1 (2d Cir. Dec. 6, 2013) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  All these elements are presented here:  As discussed above, (1) plaintiffs lost in state court with regard to the termination of

4

their parental rights and their affirmative ADA claims; (2) they allege injury from the state court judgments — which, they argue, misinterpret federal disability law — as well as from alleged violations of the ADA that the challenged state court decisions failed to remedy; (3) the Connecticut courts considered and rejected plaintiffs' claims in at least four separate decisions, all of which were rendered before the present action commenced; and (4) plaintiffs' complaint and application for a TRO ask this Court to review and reject the state court decisions.

The Court is mindful that pro se submissions must be construed liberally to raise the strongest arguments they suggest.  But the plaintiffs' submissions cannot reasonably be interpreted to avoid the Rooker-Feldman doctrine.  Plaintiffs' claims against the Judicial Branch and Judge Keller directly challenge state court decisions that certain services available under the ADA did not have to be provided to the plaintiffs during the course of their termination proceedings.  Similarly, the claims against DCF and Commissioner Katz effectively seek to appeal the state courts' determinations that these defendants did not violate plaintiffs' rights under the ADA.  Thus, Rooker-Feldman clearly precludes review of plaintiffs' claims.[2]

---

[2] To the extent plaintiffs seek to litigate due process claims that they did not raise in state court, such claims would necessarily depend on this Court's reassessment (and rejection) of the state court judgments addressing plaintiffs' rights under the ADA and are thus similarly unsuitable for review.

Plaintiffs' claims are also barred under the doctrine of claim preclusion.  A state court judgment has the same preclusive effect in federal court "as would be given that judgement under the law of the State in which the judgment was rendered." O'Connor v. Pierson, 568 F.3d 64, 69 (2d Cir. 2009)(citing Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 81 (1984)). Connecticut law provides that a "valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." Gaynor v. Payne, 261 Conn. 585, 595-96 (2002) (citing Slattery v. Maykut, 176 Conn. 147, 156-57 (1978)).  Further, "[c]laim preclusion prevents not only claims that 'were actually made' but also those that arise out of the same transaction and 'might have been made' in the original proceeding." Russo v. GMAC Mortgage, LLC, No. 13-1475, 2013 WL 6332551, at *2 (2d Cir. Dec. 6, 2013) (citing LaSalla v. Doctor's Associates, Inc., 278 Conn. 578, 590 (2006)). Because plaintiffs' claims have already been resolved in state court, they cannot be reconsidered in this action.

III. Conclusion

Accordingly, the request for a temporary restraining order (ECF No. 8) is denied, and the action is dismissed.  The Clerk may close the file.

So ordered this 26th day of December, 2013.

                                                      /s/RNC
                                      Robert N. Chatigny
                              United States District Judge